UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASZLOW KOCSIS, JR.,

                  Petitioner,

-vs-                                            Case No. 8:06-cv-519-T-24TGW

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS,

                  Respondent.
_____

**ORDER**

This cause is before the Court on Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pasco County, Florida in case number 96-538CFAWS.

BACKGROUND

Petitioner states that he pled guilty to sexual activity with a minor and that he was sentenced to twenty-two years incarceration. The date of his judgment and sentencing was May 16, 1996. Petitioner did not directly appeal his conviction and sentence.

Petitioner filed a Rule 3.850 motion "on or about November 1997." The motion was denied. Petitioner filed a second Rule 3.850 motion in August 2004 raising the Blakely v. Washington claim that he raises in the present petition. Petitioner alleges that his

guidelines departure sentence was unconstitutionally enhanced because a jury did not find the "aggravating factors" beyond a reasonable doubt.

PETITION IS TIME-BARRED; IN ADDITION, BLAKELY DOES NOT APPLY

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner states that his judgment of conviction was entered on May 16, 1996. He did not file a direct appeal. Therefore, his judgement was final 30 days after May 16, 1996, or June 16, 1996. See Pogue v. Crosby, 2006 WL 213866 (M.D. Fla. Jan 27, 2006) (citing Gust v. State, 535 So. 2d 642 (Fla. 1st D A 1988)); Morgan v. Crosby, 2005 WL 2149267 (M.D. Fla. Sept. 6, 2005). Petitioner had until June 17, 1997, to file a timely federal petition or a state motion for collateral review. Petitioner did neither. Petitioner did not file the Rule 3.850 motion until "on or about November 1997." The filing of the Rule 3.850 motion did not toll the running of the limitations period because the one-year period had already

expired on June 17, 1997. Therefore, the present federal petition, signed and filed in 2006, is time-barred.

Petitioner has not shown that any extraordinary circumstances require the tolling of the one-year period.

### Blakely v. Washington Claim

Petitioner's claim that enhancement of his sentence violates the holding in Blakely v. Washington has no merit. United States v. Booker, 543 U.S. 220 (2005), discusses Blakely v. Washington, 542 U.S. 296 (2004). Neither Booker nor Blakely are retroactive on collateral attack. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Accordingly, the Court orders:

That Petitioner's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Petitioner and to close this case.

ORDERED at Tampa, Florida, on March 29, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Laszlow Kocsis, Jr.